UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN OMAR GARCIA-AGUILERA (A-235-450-965) | No. 1:26-cv-2547 DC CSK |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, Warden of the California City Correctional Facility, et al., | |
| Respondents. | |

Petitioner Marvin Omar Garcia-Aguilera (A-235-450-965), a citizen of Honduras, entered the United States in or about 2003 and filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner was detained on January 18, 2026, and has been in continuous detention since this date. This habeas action concerns petitioner's detention. For the reasons that follow, the petition is dismissed with leave to amend.

///

///

---

[1] Petitioner proceeds through counsel. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND[2]

Petitioner, a citizen of Honduras, entered the United States without inspection in or about 2003.  (ECF No. 1 at 3.)  On January 18, 2026, petitioner was apprehended and detained.  (Id.) On March 11, 2026, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3]  (ECF No. 1-2 at 1.)  Petitioner has been in continuous detention since January 18, 2026.

## II.    PROCEDURAL BACKGROUND

On March 19, 2026, petitioner filed his petition for writ of habeas corpus.  (ECF No. 1.) On April 14, 2026, respondents timely filed an answer to the petition, and on April 16, 2026, petitioner timely filed a reply.  (ECF Nos. 9, 10.)  Briefing is now complete.

## III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.    DISCUSSION

Petitioner challenges his continued detention without a bond hearing based on the

---

[2]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 8.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[3]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

violation of the Central District of California judgment in Maldonado Bautista arguing petitioner is a member of the bond eligible Maldonado Bautista class.[4] (ECF No. 1 at 6.)  In their return, respondents point out that the Ninth Circuit stayed both Maldonado Bautista opinions, and contend that orders in Maldonado Bautista do not apply here. (ECF No. 19 at 1-2.)  Respondents argue the petition should be denied because it rests on the incorrect assumption that the orders in Maldonado Bautista apply to petitioner.  (Id.)  In reply, petitioner contends respondents rely on an "overbroad reading of the 9th Circuit's stay," and then argues that the Notice to Appear reflects that petitioner was detained under 1226(a) and is entitled to a bond hearing, and argue respondents failed to address the due process violation.  Petitioner claims respondents "improperly frame this case as dependent on Maldonado Bautista," and claims petitioner challenges the legality of his detention under both the INA and the Constitution. (ECF No. 21 at 2.)

This Court finds that the petition must be dismissed based on various discrepancies in the petition.  First, the petition is addressed to the Central District of California, and claims venue lies in the Central District of California, where counsel claims petitioner is currently detained. (ECF No. 1 at 1, 4.)  But counsel also claims petitioner is currently detained at the Glades County Detention Center, which is located in Florida, and at the California City Detention Facility. (Id. at 1, 3.)

Second, despite counsel's arguments in the reply, the petition relies solely on Maldonado Bautista, as argued by respondents.  Indeed, in the claim for relief, the subheading reads: "Violation of the INA:  Request for Relief Pursuant to Maldonado Bautista." (ECF No. 1 at 6.)  In this sole claim for relief, paragraphs 26-29 specifically cite Maldonado Bautista, and paragraph 25 implicitly refers to Maldonado Bautista by claiming petitioner is a member of the Bond Eligible Class." (Id.)  There is no other claim for relief in the petition.

Third, in the reply, petitioner contends that respondents failed to address "the constitutional due process violations raised in the petition or petitioner's request for immediate

---

[4]  See Maldonado Bautista v. Santacruz, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

release on that basis." (ECF No. 21 at 2.) Nowhere in the petition does petitioner seek relief on due process grounds.[5] (ECF No. 1, passim.) Petitioner then argues that "the due process violation is clear." (ECF No. 21 at 2.) Petitioner may not raise a new claim in a reply brief. To the extent petitioner is attempting to belatedly raise new claims in the traverse, relief should be denied. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief); Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("we review only issues which are argued specifically and distinctly in a party's opening brief").

A habeas petitioner bears the burden of demonstrating that he is in illegal custody. See Martinez v. Noem, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; see also Rule 1(b) (permitting court to apply Rules Governing Section 2254 Cases to any "habeas corpus petition"). Indeed, "district courts are expected to take 'an active role in summarily disposing of facially defective habeas petitions[.]'" Pinson v. Carvajal, 69 F.4th 1059, 1065 (9th Cir. 2023) (citing Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998)). It appears from the reply that leave to amend is appropriate to allow petitioner to clarify his claims for relief, correctly identify his current detention location, and to confirm whether the petition is properly brought in this district. Overall, the petition must be dismissed, but petitioner is granted leave to file an amended petition. Petitioner is cautioned that failure to file an amended petition may result in the dismissal of this action. See Local Rule 110.

## V.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus (ECF No. 1) is dismissed with leave to amend.

2. Within fourteen days from the date of this order, petitioner shall file an amended verified petition. Respondents shall file a motion to dismiss or answer within seven

---

[5] Petitioner references the Constitution in connection with habeas relief generally, and in reference to the Suspension Clause. (ECF No. 1 at 4.)

4

days after petitioner serves the amended petition. Petitioner's reply/traverse to an answer or opposition to a motion to dismiss, if any, is due within seven days after being served with a copy of respondents' answer or motion to dismiss. A reply by respondent to an opposition to a motion to dismiss is due within seven days after being served with the opposition.

Dated: April 22, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/garc2547.lta

5