UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN OMAR GARCIA-AGUILERA (A-235-450-965)<br><br>              Petitioner,<br><br>     v.<br><br>CHRISTOPHER CHESTNUT, Warden of the California City Correctional Facility, et al.,<br><br>              Respondents. | No. 1:26-cv-2547 DC CSK<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

On April 30, 2026, petitioner Marvin Omar Garcia-Aguilera (A-235-450-965), a citizen of Honduras who entered the United States on or about 2003, filed a verified amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  On or about February 18, 2026, during a traffic stop, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE").  He has been in continuous detention since this date.  This habeas action concerns petitioner's detention.  For the reasons that follow, this Court recommends granting the petition for a writ of habeas corpus and ordering respondents to provide petitioner a bond hearing within seven days.

---

[1]  Petitioner proceeds through counsel.  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND[2]

Petitioner Marvin Omar Garcia-Aguilera, a citizen of Honduras, entered the United States on or about 2003.  (ECF No. 25 at 5.)  He was not apprehended or detained by immigration officials at the border.  (Id.)  On or about February 18, 2026, during a traffic stop, petitioner was detained by ICE.  (Id. at 6.)  Petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229(a)) removal proceedings, which are standard removal proceedings.[3]  (Id. at 6, ECF No. 1-2 at 1 (Notice to Appear).)  The Notice to Appear alleges that petitioner is present in the United States without being admitted or paroled, and does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information.  (Id.)  Petitioner requested a bond determination pursuant to Maldonado Bautista v. Santacruz, 2025 WL 3289861 (C.D. Cal Nov. 20, 2025), prior to entry of final judgment in that case.  (ECF No. 25 at 6.)  On December 11, 2025, an immigration judge denied bond.  (Id.)  Petitioner has been in continuous detention since February 18, 2026.  (Id. at 7.)

## II.    PROCEDURAL BACKGROUND

On March 19, 2026, petitioner, through counsel, filed a petition for writ of habeas corpus in the Central District of California.  (ECF No. 1.)  On March 24, 2026, respondent filed a motion to transfer the case to the Eastern District of California, and on April 3, 2026, the case was transferred.  (ECF Nos. 10, 13.)  On April 14, 2026, respondents filed an answer, and on April 16, 2026, petitioner filed a reply.  (ECF Nos. 19, 21.)  On April 22, 2026, this Court dismissed the petition with leave to amend based on various discrepancies in the petition, and on April 30, 2026, petitioner timely filed an amended petition.  (ECF Nos. 22, 25.)  On May 3, 2026, respondents filed a motion to dismiss all respondents other than petitioner's immediate custodian,

---

[2]  Petitioner filed a verified amended habeas petition.  (ECF No. 25 at 25.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Respondents do not contest petitioner's factual allegations.  (See ECF No. 27.)
[3]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 239) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

and also filed an answer.  (ECF Nos. 26, 27.)  On May 4, 2026, petitioner filed an opposition to the motion to dismiss and a reply to the answer.  (ECF Nos. 29, 30.)  Briefing is now complete.

### III.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

### IV.   DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner challenges his continued detention without a bond hearing based on the violation of the district court's Maldonado Bautista judgment as a member of the bond eligible Maldonado Bautista class.[4]  (ECF No. 25 at 8-13 (claim one).)  Petitioner also contends his continued detention violates the INA because he is detained under 8 U.S.C. § 1226(a), not § 1225(b), and his continued detention violates the Due Process Clause of the Fifth Amendment.   (Id. at 13-18 (claim two), 18-22 (claim three).)  Respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and he is ineligible for a bond hearing.  (ECF No. 27 at 4-6.)  Respondents cite Avila v. Bondi, No. 25-3741, 2026 WL 819258 (8th Cir. Mar. 25, 2026), and Buenrostro-

---

[4]   See Maldonado Bautista v. Santacruz, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their position that § 1225(b)(2)(A) is applicable here. (Id. at 4.) Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id. at 7.)

### A.    Statutory Claim (Claim Two)

This Court must first decide whether petitioner, who has no criminal record and has lived in the United States since 2003, is subject to discretionary release under § 1226(a) as petitioner contends, or whether petitioner is subject to mandatory detention under § 1225(b)(2), as respondents argue. 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing. 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)). Respondents contend § 1225(b)(2) applies because petitioner is an "applicant for admission" and therefore subject to mandatory detention. (ECF No. 27 at 2.)

The Court concludes that § 1226(a) applies to petitioner. This Court agrees with and joins the majority of courts nationwide, including the Eastern District of California, in rejecting respondents' new interpretation[5] of Sections 1225 and 1226. See Rodriguez Vazquez v. Bostock,

---

5    Until DHS changed its policy in July 2025, the Government consistently applied Section

802 F. Supp.3d 1297, 1303, 1328-30 (W.D. Wash. Sept. 30, 2025) (concluding, after a thorough analysis, that "the government's [interpretation of § 1225] belies the statutory text of the [Immigration and Nationality Act], canons of statutory interpretation, legislative history, and longstanding agency practice"); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); J.S. v. Wofford, 2026 WL 125258, at *1, 3-5 (E.D. Cal. Jan. 16, 2026), findings and recommendations adopted, 2026 WL 297304 (E.D. Cal. Feb. 4, 2026) (finding § 1226(a) applicable to immigration detainee who lived in the United States for approximately 33 years before being detained by ICE).

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [petitioner], living in the interior of the country." Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). By contrast, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of

---

1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz, 53 F.4th at 1196.

section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). This Court incorporates and adopts the thorough and persuasive reasoning of the district court in Lepe, 2025 WL 2716910, at *3-9.

Further, respondents' reliance on Buenrostro-Mendez, 166 F.4th 494 and Avila, 2026 WL 819258, is unavailing. This Court does not find Buenrostro-Mendez or Avila to be persuasive, and instead finds the analysis in Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025), and Barbosa da Cunha v. Freden, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), to be more persuasive. See also Lopez-Campos (25-1965) v. Raycraft, et al., 2026 WL 1283891, at *1 (6th Cir. May 11, 2026)[6]; Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); Gurvinder Singh v. Chestnut, 2026 WL 413839 (E.D. Cal. Feb. 14, 2026); Singh v. Baltazar, 2026 WL 352870, at *3-6 (D. Colo. Feb. 9, 2026) (rejecting the Buenrostro majority in its interpretation of § 1225 as nonbinding and highlighting the Seventh Circuit Court of Appeals' disagreement with the Buenrostro majority) (citing Castanon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1052 (7th Cir. 2025)); Tomas Nicolas v. Warden, 2026 WL 364399, at *3 n.3 (S.D. Ind. Feb. 10, 2026) (disagreeing with Buenrostro majority and declining to follow); Chachipanta Cando v. Bondi, 2026 WL 357551, at *5 n.6 (D. Neb. Feb. 9, 2026) (same); Aroca v. Mason, 2026 WL 357872, at *15 n.40 (S.D. W.Va. Feb. 9, 2026) (same). As the Second Circuit explained in Barbosa da Cunha:

Today, although we part ways with two other circuits that have

---

[6] The full case citation also includes the following: Juan Manuel Lopez-Campos (25-1965); Juan Carlos Sanchez Alvarez (25-1969); Jose Daniel Contreras-Cervantes; Fredy De Los Angeles-Flores; Mariela Virginia Ocando-Leon; Luis Felipe Jarquin-Jarquin; Debbie Vasquezcruz; Jairo Manuel Godoy-Perez; Marifer Diaz-Alcantar; Miguel Angel Reyes-Sanchez (25-1978); Jesus Jose Pizarro Reyes (25-1982) v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations (25-1965/1969/1978/1982); Markwayne Mullin, Sec'y of U.S. Dep't of Homeland Security; U.S. Dep't of Homeland Sec. (25-1965/1969); Todd W. Blanche, Acting U.S. Att'y General; Exec. Off. of Immigr. Rev. (25-1965), 2026 WL 1283891, at *1 (6th Cir. May 11, 2026).

addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text. That text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner. Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter.

This result is dictated by the plain text of these provisions, and further confirmed by the statute's context, structure, history, and purpose. It likewise comports with the Supreme Court's established understanding of Sections 1225 and 1226. It reflects Executive Branch practice over thirty years and across five Presidential administrations. Moreover, it explains why Congress has never challenged that settled practice despite making numerous amendments to the immigration laws.

Barbosa da Cunha, 2026 WL 1146044 at *2.  In any event, neither Buenrostro-Mendez nor Avila are binding on this Court.

Following the majority of courts, this Court rejects the government's new interpretation of 8 U.S.C. § 1225(b)(2) and their contention that petitioner is an "applicant for admission" subject to § 1225(b)(2).  This Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner has resided in this country for over 22 years and his arrest and detention in February 2026 was not upon his arrival to the United States.  (See ECF No. 25 at 5.)  "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306 (citing 8 CFR § 236.1(d)(1)).  If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release.  Rodriguez Diaz, 53 F. 4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).  As such, petitioner should have been provided a bond hearing, and he is entitled to relief on his statutory claim (claim two).

C.      Petitioner's Other Claims for Relief

Because petitioner's statutory claim provides petitioner adequate relief, this Court need not address petitioner's due process claim (claim three) or his claim based on Maldonado Bautista (claim one).  See Herredia Gurrola v. Cruz, 2026 WL 494478, at *6 (E.D. Cal. Feb. 23, 2026)

7

(declining to decide Maldonado Bautista claim and addressing statutory claim); see also De La Paz Salazar v. Noem, 2026 WL 496956, at *5 (E.D. Cal. Feb. 23, 2026) (noting that "the court in Maldonado Bautista explicitly clarified that it could not issue injunctive relief to class members ordering their immediate release or entitlement to a bond hearing").

## V.    REMEDY

### A.    Immediate Release or Bond Hearing

As relief, petitioner requests immediate release from custody or, in the alternative, that he be granted a prompt, individualized custody determination by a neutral decision-maker, at which the government bears the burden of justifying his detention by clear and convincing evidence and the decision-maker considers whether conditions of release would reasonably mitigate any asserted risk.  (ECF No. 25 at 23-24.)  Respondents counter that if this Court finds that petitioner is subject to detention under § 1226(a), the proper remedy is a bond hearing before an immigration judge where petitioner bears the burden to demonstrate he is not a flight risk or danger to the community.  (ECF No. 27 at 8.)  In addition, respondents argue that any injunctive relief should not preclude re-detention in the event a final order of removal is issued.  (Id. at 8-9.)

Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a), this Court finds that an order directing respondents to provide a bond hearing, rather than immediate release, is the appropriate remedy.  See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez Vazquez, 779 F. Supp. 3d at 1263 (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]"); see also J.S. v. Wofford, 2026 WL 125258, at *8 (ordering bond hearing where no prior release on bond pursuant to § 1226(a)); Cresencio Sandoval Alvarez v. Warden, 2026 WL 913250, at *3 (E.D. Cal. Apr. 3, 2026) (same).  The Court further concludes that the appropriate burden of proof at this initial bond hearing is on petitioner where there was no prior release and in the absence of a prolonged detention finding.  See J.S. v. Wofford, 2026 WL 297304, at *2 (E.D. Cal. Feb. 4, 2026); 8 C.F.R. §§ 236.1(d)(1), 1003.19; Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. §§ 236.1(d)(1),

8

1003.19)).  At this hearing, "[p]etitioner bears the burden of establishing that he is not a risk of flight or danger to the community." J.S. v. Wofford, 2026 WL 297304, at *2 (where petitioner was not previously released by immigration authorities or subject to prolonged detention, granting bond hearing where petitioner bears burden of proof), adopting findings and recommendations, 2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026).

### B.    Declaratory Judgment and Injunctive Relief

Petitioner also seeks a declaratory judgment, and asks the Court to enjoin respondents from arresting or re-detaining petitioner during the pendency of his immigration proceedings except pursuant to lawful statutory authority and with adequate procedural safeguards, including an individualized custody determination consistent with 8 U.S.C. § 1226(a), absent further court order.  (Id. at 23.)

Because the Court recommends granting habeas relief, the Court declines to recommend that a declaratory judgment be issued.  Further, because the Court is not recommending petitioner be immediately released, the Court recommends that petitioner's request for injunctive relief during the pendency of his immigration proceedings be denied without prejudice.

Petitioner also asks the Court to enjoin respondents and their officers, agents, and employees from transferring petitioner outside this Court's jurisdiction during the pendency of this action.  (Id.)  Petitioner's request should be granted.

### C.    Attorney's Fees and Costs

Finally, petitioner seeks attorney's fees and costs.  (Id. at 24.)  Petitioner's request for attorney's fees and costs is denied without prejudice to the bringing of a properly noticed and supported motion.

## VI.    RESPONDENTS' MOTION TO DISMISS

Petitioner names as respondents Warden of the California City Detention Facility, Sergio Albarran, Field Office Director, Los Angeles Office of Detention and Removal, U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement; and Todd Blanche, U.S. Attorney General.  (ECF No. 25 at 4-5.)  Respondents filed a motion to dismiss all

respondents but for petitioner's immediate custodian, Warden of the California City Detention Facility.  (ECF No. 26.)  Petitioner opposes the motion, arguing that removal of these defendants would frustrate the Court's ability to grant effective relief.  (ECF No. 29 at 2-3.)

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent. . . ." Doe v. Garland, 109 F.4th 1188, 1195 (9th Cir. 2024).  As petitioner challenged only his present physical confinement, a core habeas challenge, the Warden of the California City Detention Facility, where petitioner is detained, is the only proper respondent.  Accordingly, respondents' motion to dismiss should be granted.

**VII.   CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim (claim two).

Accordingly, IT IS HEREBY ORDERED that petitioner's request for attorney's fees and costs (ECF No. 25 at 24) is denied without prejudice.

Further, IT IS RECOMMENDED that:

1.  Respondents' motion to dismiss defendants Sergio Albarran, Markwayne Mullin, Todd Lyons, and Todd Blanche (ECF No. 26) be GRANTED, and the Clerk of the Court be directed to dismiss defendants Sergio Albarran, Markwayne Mullin, Todd Lyons, and Todd Blanche from this action without prejudice.  The Warden of the California City Correctional Center, Christopher Chestnut, is the sole respondent.

2.  The amended petition for writ of habeas corpus (ECF No. 25) be GRANTED.

3.  Respondents be ordered to provide petitioner Marvin Omar Garcia-Aguilera (A-235-450-965) with a bond hearing before an immigration judge within **seven days** of the adoption of these findings and recommendations where petitioner bears the burden of establishing that petitioner does not pose a danger to the community or a risk of flight

to justify his release.

4. Respondents and their officers, agents, and employees be enjoined from transferring petitioner outside this district court's jurisdiction during the pendency of this action.

5. Petitioner's request for declaratory judgment and request for injunctive relief involving his arrest or re-detention during the pendency of his immigration proceedings be denied without prejudice.

6. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 14, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/garc2547.157.2241.imm.bond